IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 11, 2010 Session

**TERRANCE LAVAR DAVIS v. STATE OF TENNESSEE**

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Hickman County**
**No. 07-5033C      Timothy Easter, Judge**

**No. M2009-00011-SC-R11-HC - FILED MAY 7, 2010**

GARY R. WADE, J., concurring.

As the majority opinion observes, the Court of Criminal Appeals has twice held that petitioner Davis's sentences were illegal. After our intermediate appellate court's first opinion in this case, Davis v. State, No. M2007-01729-CCA-R3-HC, 2008 WL 1958174, at *3 (Tenn. Crim. App. May 6, 2008), we granted the State's application for permission to appeal and remanded for reconsideration in light of our decision in Edwards v. State, 269 S.W.3d 915 (Tenn. 2008). Upon reconsideration, the Court of Criminal Appeals again remanded to the trial court for the entry of habeas corpus relief. Davis v. State, No. M2009-00011-CCA-RM-HC, 2009 WL 961777, at *4 (Tenn. Crim. App. April 8, 2009). Upon application by the State, we granted permission to appeal.

I concur in the result, but I write separately in an effort to identify a workable rule in an area of law which has, on occasion, produced confusing results. While the more recent cases from this Court have rejected claims for habeas corpus relief based upon deviant range classification or release eligibility percentages inconsistent with statutory guidelines, see, e.g., Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997), and Hoover v. State, 215 S.W.3d 776, 780-81 (Tenn. 2007), I maintain that the majority opinion in Edwards cannot be reconciled with established precedent. Nevertheless, I would conclude, based on other of our opinions which do offer some consistency in analysis, that a guilty plea as a part of a negotiated sentence waives release eligibility and offender status so long as the sentence falls within the minimum and maximum terms for the offense. Thus, the petitioner Davis would not be entitled to habeas corpus relief.

Some historical perspective may be in order. Initially, "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in subsection (b) and in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire

into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101(a) (2000 & Supp. 2009). Our case law has interpreted the statutory terminology, and we recently defined "imprisonment" and "restraint":

> To obtain habeas corpus relief, a petitioner must be 'imprisoned or restrained of liberty.' 'Imprisoned' refers to actual physical confinement or detention. 'Restrained of liberty' is a broader term and encompasses situations beyond actual physical custody. However, a petitioner is not restrained of liberty unless the challenged judgment itself imposes a restraint on the petitioner's freedom of action or movement.

Summers v. State, 212 S.W.3d 251, 257 (Tenn. 2007) (citations omitted); see also May v. Carlton, 245 S.W.3d 340, 346 (Tenn. 2008).

Despite the broad statutory language, I would observe that the grounds upon which habeas corpus relief may be granted are, in practice, limited. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Unlike a post-conviction petition, for example, which may afford relief from a voidable judgment, the purpose of a state habeas corpus petition is to contest only void judgments. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A facially invalid or void judgment is one that a court has no authority to enter. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). A voidable judgment, on the other hand, appears valid on its face and typically requires proof of a constitutional violation to establish its invalidity. Id.

This Court has often ruled that the writ of habeas corpus may be sustained "only when it appears upon the face of the judgment or the record of the proceedings . . . that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000); accord Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968); State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868). Nevertheless, this Court has consistently added that an illegal sentence qualifies as void and may be set aside through habeas corpus at any time. May, 245 S.W.3d at 344; see also Summers, 212 S.W.3d at 256. For years, our Court has quite simply defined an illegal sentence as one that directly contravenes a statute. Summers, 212 S.W.3d at 256; see also State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). Indeed, we have provided specific instructions that the petition for habeas corpus is the proper procedure for challenging a sentence which is not authorized by statute. Moody v. State, 160 S.W.3d 512, 514 (Tenn. 2005). Prior opinions have identified two grounds upon which a petitioner may qualify for relief from a judgment: (1) when the trial court lacked jurisdiction or authority to impose a sentence upon a defendant; or (2) when the trial court imposed a sentence in direct contravention of a statute. The majority opinion in Edwards, however, blurred these two

concepts by suggesting that a judgment is void, and that habeas corpus relief is warranted, *only* upon showing that the trial court lacked jurisdiction. In my view, the analysis by the Edwards majority further clouded our treatment of habeas corpus in that it did not address whether the record established that the *trial court* had imposed an "illegal" and, therefore, a void sentence in "direct contravention of a statute."

In our 1978 Burkhart opinion, the lead case on the subject of illegal sentences, the defendant escaped from prison while serving a term for burglary. 566 S.W.2d at 872. He pled guilty to escape and received a sentence concurrent with the one he was serving even though the statute required a consecutive term. Id. When the Department of Correction notified Burkhart that his sentence was to be served consecutively regardless of the judgment by the trial court, he filed a petition asking for relief. Id. This Court held that the concurrent sentence was imposed "in direct contravention of the express [statutory] provisions . . . and consequently was a nullity." Id. at 873. Citing precedent in a number of other jurisdictions, this Court ruled that "a trial judge may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final." Id. The case was remanded to the trial court for further consideration as to whether the judgment should be set aside. Id.

More recently, in Moody, this Court pointed out that habeas corpus is the proper collateral remedy for the correction of an illegal sentence. 160 S.W.3d at 516. Moody received consecutive six- and four-year sentences for spousal sexual battery and aggravated assault. Id. at 514. He was sentenced to an enhanced supervised probation program, and the judgment required him to register as a convicted sex offender. Id. He did not seek appeal of the revocation order, nor did he file a petition for post-conviction or habeas corpus relief. Id. When the trial court later revoked his probation, he filed a "Motion to Correct Errors in Judgment," challenging the legality of the sentences on the basis that he was convicted under statutes that did not require his registration as a sex offender. Id. The motion was denied, and Moody filed a petition for writ of certiorari. Id. Because the Tennessee Rules of Appellate Procedure did not authorize a direct appeal from the denial of a motion to correct an illegal sentence, we held that "the proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus." Id. at 516.

Later, this Court refined the process by which a habeas corpus petitioner might be permitted to establish the illegality of a sentence where a jurisdictional defect is not apparent from the judgment. Summers, 212 S.W.3d at 261. We held that when there is "an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions." Id. Further, "[w]hen such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing." Id. Applying these

principles in Summers, we arrived at the following conclusions:

> Although the judgment on Summers' escape conviction states that the sentence
> is to be served concurrently with his sentences for voluntary manslaughter,
> aggravated arson, and sale of cocaine, the judgment is silent as to whether
> Summers committed the escape while being held for the other charges. We
> conclude, therefore, that no illegality of the sentence is evident on the face of
> the judgment ordering a concurrent sentence for the escape conviction.
> Furthermore, nothing in the record indicates that Summers committed the
> escape while being held for the other charges. . . . Because the escape
> judgment is facially valid and Summers failed to support his factual assertions
> with pertinent documents from the record of the underlying proceedings, we
> conclude that summary dismissal was proper.

Id. at 262 (emphasis added).

In my assessment, the Summers opinion taught that the inquiry in a habeas corpus proceeding requires an analysis of any "pertinent documents" from the record of the underlying proceedings that are attached to the petition in support of the assertions. See id. at 261. Thus, the procedure developed in that case, directing a habeas corpus petitioner to file those "pertinent documents," necessarily recognizes a challenge to a possible jurisdictional defect in a sentence that is "not apparent from the face of the judgment." See id. That is, habeas corpus relief may be available, but the illegality of a sentence may be established by documentation other than the judgment of conviction and sentence.

The dissent in Edwards, joined in by Chief Justice Holder, criticized the holding because the majority treated the case, in which the *trial court* imposed the Petitioner's sentence in direct contravention of a sentencing statute after a jury verdict, as identical to those cases (such as the one before us today) in which the judgment has been entered through a guilty plea and negotiated sentence. In Edwards, the petitioner neither bargained for nor agreed to a sentence higher than the permissible range, as was the case in both Mahler, 735 S.W.2d at 226, and Hoover, 215 S.W.3d at 776. The trial court, based upon a miscalculation of the prior offenses, unilaterally imposed upon Edwards a sentence under the Range III, persistent offender category rather than the Range II, multiple offender classification. See Tenn. Code Ann. §§ 40-35-106 & -107 (2006 & Supp. 2009). The consequence was a sentence beyond legislative authority.

That this Court in Hoover used the term "non-jurisdictional" to describe our statutory sentencing scheme when trying to reconcile errors in the context of a plea-negotiated sentence, 215 S.W.3d at 780, appears to be the origin of some of the confusion. In Mahler,

former Chief Justice Harbison, speaking for a unanimous Court, recognized the concept of waiver as to range classification and release eligibility:

> It is generally true . . . that a judgment imposed by a trial court in direct contravention of express statutory provisions regarding sentencing is illegal and is subject to being set aside at any time, even if it has become final. In [Burkhart], the trial judge had ordered a sentence for escape to be served concurrently with a previous sentence in direct contravention of a statute requiring the sentence to be consecutive.
>
> There have been other cases where sentences were imposed which were higher or lower than that authorized by the statute designating the punishment for the crime. In those cases the sentences have been held subject to being later vacated or corrected.
>
> As previously stated, that is not the situation here. The sentence imposed <u>was clearly within statutory limits fixed for the offense of murder in the second degree. In our opinion any question as to the classification of appellant as a Range II offender or as to his release eligibility was waived by the guilty plea</u>.

Mahler, 735 S.W.2d at 228 (citations omitted) (emphasis added).

Reference to the Mahler ruling may help reconcile what I perceive to be inconsistencies in our application of the habeas corpus remedy. Indeed, the state has argued, and the majority in Edwards so held, that offender classification and release eligibility are non-jurisdictional regardless of whether the sentence is the result of a guilty plea or imposed by the trial court and, therefore, habeas corpus relief is not warranted. In its opinion in Edwards, the Court of Criminal Appeals, consistent with our prior ruling in Hoover, took exception to that contention, observing that "the use of offender classification and release eligibility *as subjects of plea bargaining* are non-jurisdictional," and further observing that "release eligibility offender classification can be the subject of plea negotiations and agreed to by a defendant provided that the sentence imposed is within the statutory authority of the sentencing act." Edwards v. State, No. M2006-01043-CCA-R3-HC, 2007 WL 92359, at *2 (Tenn. Crim. App. Jan. 11, 2007). The critical difference, of course, is that the challenged judgment in Edwards resulted from a mistaken range classification imposed by the trial court after a jury conviction, whereas the judgment in Hoover was the result of a negotiated guilty plea.

After our ruling in Edwards, this Court remanded the case at issue today to the Court

of Criminal Appeals to reconsider its decision to grant petitioner Davis habeas corpus relief. That our intermediate court did not change its ruling is not surprising. In my view, this Court's ruling in Edwards, because of internal contradictions, provided little guidance. To illustrate, on the one hand, this Court had ruled in Edwards that

> habeas corpus relief is limited to remedying jurisdictional defects that are apparent on the face of the judgment or the record of the proceedings on which the judgment is rendered. For purposes of habeas corpus challenges to sentencing, jurisdictional defect means either a sentence that directly contravenes a governing statute or a sentence that was not available under governing statutes.

269 S.W.3d at 924 (emphasis added). On the other hand, this Court also ruled that

> offender classification is a non-jurisdictional element of sentencing. Thus, errors and/or irregularities in offender classification are waived by a guilty plea, and are not grounds for habeas corpus relief if the sentence is imposed by a trial court after a jury conviction. Simply stated, habeas corpus relief is not available to correct errors or irregularities in offender classification.

Id. (emphasis added). Offender classification is, of course, based in statute. See Tenn. Code Ann. § 40-35-105 to -109 (2006 & Supp. 2009). It is difficult, therefore, to fathom how any sentence imposed by the trial court could contain "errors and/or irregularities in offender classification" resulting in a term of imprisonment beyond legislative authority and not "directly contravene[] a governing statute." Edwards, 269 S.W.3d at 924.

In an effort to provide a workable rule for the trial courts, I am persuaded to concur in this opinion based primarily upon an interpretation that I believe reconciles the rulings in Mahler, McConnell, and Hoover. As stated, in Hoover, this Court held that the use of offender classification and release eligibility, as subjects of plea bargaining, are non-jurisdictional. 215 S.W.3d at 780. By the application of the rationale in Mahler, 735 S.W.2d at 22, therefore, release eligibility and offender classification by range can be the subject of plea negotiations and agreed to by a defendant provided that the agreed sentence is within the statutory limits for the particular crime regardless of range.[1] See generally Tenn. Code Ann. § 40-35-112 to -115 (2006 & Supp. 2009). I can concur in the majority's conclusion only because Davis, in contrast to the petitioner in Edwards, entered into a plea agreement

---

[1] Nevertheless, "the State may not confer through plea negotiations release eligibility for criminal offenses that are statutorily ineligible for early release." Hoover, 215 S.W.3d at 780 (citing Smith, 202 S.W.3d at 128).

as to guilt and sentence. Because a guilty plea may serve as a waiver of the constraints of range classification or release eligibility, Davis is not entitled to habeas corpus relief. Obviously, I would favor overruling Edwards, at our next opportunity, to the extent that the majority of the Court held that the trial court's imposition of a sentence beyond the legislative authority does not qualify as grounds for relief. I support a rule that a guilty plea which includes release eligibility provisions or range classifications in contravention of the statutory language serves as a waiver of grounds for a writ of habeas corpus; otherwise, a sentence imposed by a trial court after conviction or an open plea of guilt (absent any negotiated term) that qualifies as illegal under our statutory scheme would be subject to a meritorious attack. Stated differently, a knowing and voluntary guilty plea, made with a full understanding of release eligibility and offender classification, would serve to waive any subsequent claims for habeas corpus relief so long as the sentence is within the statutory minimum and the statutory maximum for the offense.

As stated, the majority in Edwards avoided a statutory interpretation analysis by simply characterizing the error regarding offender classification as "non-jurisdictional." 269 S.W.3d at 924. Here, the Court has properly included such an analysis. The petitioner Davis pled guilty to two Class B felonies, which, by virtue of their being committed within 1,000 feet of a school zone, were elevated to Class A felonies, as required by Tennessee Code Annotated section 39-17-432(b) (2003). The range of service for a Class A felony is no less than fifteen and no more than sixty years. Tenn. Code Ann. § 40-35-111(b)(1). Because the petitioner was convicted under the Drug-Free School Zone Act, he was required to serve at least the minimum sentence for the appropriate range, and the release-eligibility provisions could not apply prior to service of the entire minimum sentence. Tenn. Code Ann. § 39-17-432(c), (d). The negotiated sentence of twenty-two years with a 100% release eligibility is not in direct contravention of either section 40-35-111(b) or the Drug Free School Zone Act because it requires a prison term of at least fifteen years, which is the statutory minimum for a Class A felony. The sentence can, therefore, be classified as compliant with the underlying statute and does not present a ground for habeas corpus relief, even though the Act does not explicitly provide for 100% of service.

Thus, I concur in the result. I am authorized to state that Chief Justice Holder joins in this concurring opinion.

 

_____

GARY R. WADE, JUSTICE